Johnston, Ch.
delivered the opinion of the Court.
All the authorities agree, that if the limitation be to the heirs of the body, or issue, and to their heirs, this constitutes them purchasers; as it shows an intention to give them an estate, not inheritable from the first taker, but an original estate, inheritable from themselves as a new stock of descent. (4 Kent’s Com. 221.) The authorities also agree, that if the estate limited to heirs of the body, or issue, be of a quality, or be given to be enjoyed in a way incompatible with the idea that they are to hold it in indefinite succession, (as if it be given to them as tenants in common, or to be equally divided *347 between them:) — this takes it out of the rule in Shelly’s case; and the immediate heirs, or issue, take as purchasers. (4 Kent’s Com. 221, 229, 230.) It appears to the Court, that the testator in this case, by the gift to the issue, not only of the property, or slaves, but of the absolute property in them, (a term importing the quantity of interest intended to be given) — has as affectually given them the fee, (so to speak,) as if the bequest had been to the issue and their heirs ; and that the gift of the absolute property, ox fee, rebuts the idea that he intended it to go in an indefinite succession.
It is ordered that the decree be affirmed, and the appeal dismissed.
Dunkin, Ch. Caldwell, Ch. and Harper, Ch. concurred.

Decree affirmed.